(57 App. Div. 417.)

### ABBEY v. WHEELER et al.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

**1.** Costs—Additional Allowance—Value Involved—Final Judgment.

Where plaintiff alleged that he had interest in mines from which defendant had sold $700,000 worth of minerals, and received to plaintiff's use upwards of $250,000, the latter amount must be taken as the amount "claimed or the value of the subject-matter involved," within Code Civ. Proc. § 3253, allowing an additional allowance for costs in certain cases, based on a percentage of the "amount claimed or value involved"; hence an additional allowance was not void, as having no basis for computation.

**2.** Same—Final Judgment.

Where a demurrer to the complaint was sustained with leave to plaintiff to amend on payment of costs, and costs were taxed prior to the entry of interlocutory judgment, and plaintiff failed to amend, and defendant moved for an allowance in addition to costs, such allowance was not contrary to Gen. Rule Prac. No. 45, providing that application for such allowance must be made before "final" costs are adjudged; the judgment being interlocutory, and there being nothing prohibiting an allowance to a party who has taxed costs under an interlocutory judgment.

Appeal from special term, New York county.

Action by Frank Richards Abbey against Jerome B. Wheeler and others. From an order granting an extra allowance in addition to costs, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Pratt A. Brown, for appellant.

Eugene Frayer, for respondents.

O'BRIEN, J. The two principal objections urged by the appellant to the order of the special term granting an extra allowance are that no basis is furnished upon which the amount can be properly computed, and that the granting of the order was in violation of rule 45, Gen. Rules Prac., which provides that the application for an additional allowance "shall in all cases be made before final costs are adjusted." The plaintiff alleged that he had certain interests in mines out of which the defendant Wheeler had taken minerals amounting in value to upwards of $700,000, which he sold, and received therefor, to the use of the plaintiff, upwards of $250,000. Upon this allegation we think there was sufficient basis for an allowance; for the smaller sum, at least, must be regarded as the amount "claimed or the value of the subject-matter involved." Code Civ. Proc. § 3253.

With respect to rule 45, Gen. Rules Prac., it appears that the defendant Wheeler interposed a demurrer to the complaint, which was finally sustained at the general term, with leave to plaintiff to amend upon payment of the costs of the action. Costs were taxed prior to the entry of the interlocutory judgment, and paid to the attorney for the defendant Wheeler. The plaintiff's time to serve an amended complaint finally expired by default, after which no steps were taken by either party until a notice of motion was served by the defendant Wheeler for an allowance in addition to costs. It thus appears that the judgment which was entered, and the costs which were taxed,

were interlocutory, and not final. No allowance could be granted upon an interlocutory judgment, and therefore none could be included in the costs as adjusted upon the entry of the interlocutory judgment. The rule invoked (rule 45, Gen. Rules Prac.) in express language provides that the application for an allowance "shall in all cases be made before final costs are adjusted," and it will therefore be seen that there is nothing in the rule which prevents a party who has taxed costs under an interlocutory judgment from applying before entry of final judgment for an allowance.

Upon the merits, we find no facts which would justify our interfering with the discretion exercised by the special term, and the order accordingly should be affirmed, with $10 costs and disbursements. All concur.